IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BRIAN KEITH MANLEY, | : | |
| Fed. Reg. No. 21398-057, | : | PRISONER HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-142-TWT-JSA |
| UNITED STATES OF AMERICA; | : | |
| WARDEN, USP-ATLANTA, | : | |
|     Respondent. | : | |

## MAGISTRATE JUDGE'S FINAL ORDER, REPORT AND RECOMMENDATION

Petitioner Brian Keith Manley, a federal prisoner presently confined at the Williamsburg Federal Correctional Institution in Salters, South Carolina,[1] seeks via 28 U.S.C. § 2241 to challenge the validity of his convictions and sentences in the United States District Court for the Middle District of North Carolina. The matter is currently before the Court on the petition and amended petition [Docs. 1, 4];

---

[1] Because Petitioner was incarcerated in this District when he filed the petition, this Court retains jurisdiction even though he subsequently was transferred. *See McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978) ("Jurisdiction attached upon the initial filing for habeas corpus relief. It was not destroyed upon the transfer of petitioner and accompanying custodial change."). *Accord Griffin v. Ebbert*, __ F.3d __, 2014 WL 1257067, at *2 (5th Cir. Mar. 27, 2014).

Respondent's motion for an extension of time to respond [Doc. 15]; and the answer-response with attached exhibits [Doc. 17].

I.  Procedural History

On January 30, 2004, a grand jury in the Middle District of North Carolina indicted Petitioner for one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  *United States v. Manley*, Criminal Action No. 1:04-CR-43-TDS, Docket No. 1 (M.D. N.C.) (PACER).  Petitioner entered a guilty plea to the indictment on March 5, 2004, and was sentenced under 18 U.S.C. § 924(e) of the Armed Career Criminal Act ("ACCA") to 205 months of imprisonment to be followed by five years of supervised release.  *Id.* at Docket Nos. 16-17, 32.  On March 28, 2006, the Fourth Circuit affirmed Petitioner's conviction and sentence, and the Supreme Court denied certiorari on October 2, 2006. *United States v. Manley*, 172 F. App'x 531 (4th Cir.), *cert. denied* 549 U.S. 876 (2006).

On March 4, 2010, Petitioner filed his first motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which the Middle District of North Carolina dismissed as untimely.  *United States v. Manley*, Criminal Action No. 1:04-CR-43-TDS at Docket Nos. 48, 60.  On December 30, 2011, Petitioner filed a motion in

2

the Fourth Circuit seeking permission to file a second § 2255 motion, in part based on the Fourth Circuit's decision sitting en banc in *United States v. Vann*, 660 F.3d 771, 776 (4th Cir. 2011).  (Doc. 17, Attach. 2).[2]  The Fourth Circuit denied Petitioner's motion without comment on March 6, 2012.  *United States v. Manley*, Criminal Action No. 1:04-CR-43-TDS at Docket No. 61.  Despite that denial, Petitioner filed a second § 2255 motion in the Middle District of North Carolina, but later consented to its dismissal without prejudice.  *Id.* at Docket Nos. 62, 92, 94.  Petitioner filed the instant § 2241 petition on January 15, 2014, and the amended petition on February 14, 2014.  (Docs. 1, 4).  Petitioner argues, and Respondent concedes, that the Court should allow him to proceed under § 2241 and grant his habeas petition.  This Court agrees.

---

[2] As will be discussed more thoroughly below in Sections II.A.2. and II.B., the Fourth Circuit's en banc decision in *Vann* changed the landscape of Petitioner's predicate convictions under the ACCA.

II.  Analysis

    A.  Relevant Law

        1.  The ACCA

A person convicted under 18 U.S.C. § 922(g) ordinarily faces a maximum ten years of imprisonment. 18 U.S.C. § 924(a)(2). The ACCA, however, provides for a minimum fifteen years of imprisonment and a maximum sentence of life imprisonment if the person convicted of § 922(g) has three previous convictions for either a violent felony or serious drug offense. 18 U.S.C. § 924(e)(1). A "violent felony" is defined as any crime punishable by a term of imprisonment of more than a year that (1) an element is the use, attempted use, or threatened use of physical force or (2) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. *Id.* at § 924(e)(2)(B). As the basis for Petitioner's increased penalties under the ACCA, two out of the three felony convictions were for indecent

4

liberties with a child under N.C. Gen. Stat. §§ 14-202.1(a)(1) and (2).[3] The other predicate felony was second degree arson.  (Doc. 17, Attach. 1).

### 2. *Begay v. United States* and *United States v. Vann*

In *Begay v. United States*, 553 U.S. 137 (2008), the Supreme Court explained that a "violent felony" under the ACCA includes only felonies that involve "purposeful, violent and aggressive conduct," and therefore that a state conviction for driving under the influence was not a violent felony for ACCA purposes.  *Begay*, 553 U.S. at 139.  On October 11, 2011, in an en banc decision, the Fourth Circuit held that following *Begay*, a conviction for indecent liberties under N.C. Gen. Stat. § 14-202.1 is not considered to be a "violent felony" under

---

[3] N.C. Gen. Stat. § 14-202.1 provides in relevant part that:

(a)   A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

    (1)   Willfully takes or attempts to take immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or

    (2)   Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

5

the ACCA. *Vann*, 660 F.3d 771, 776 (4th Cir. 2011) (en banc). Petitioner argues that based on these two precedents, his 205-month sentence under the ACCA exceeds the statutory ten-year maximum set forth in § 924(a) for his § 922(g) conviction. This Court agrees.

### 3. The Savings Clause

When a conviction has become final, a federal prisoner usually may challenge the legality of his detention only through a § 2255 motion. *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1256 (11th Cir. 2013); *Lancaster v. Warden, FCC Coleman-Medium*, 433 F. App'x 783, 784 (11th Cir. 2011); *see also Hill v. Warden, FCC Coleman-USP II*, 364 F. App'x 587, 588 (11th Cir. 2010) ("Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255."); *Wattleton v. Beeler*, 186 F. App'x 852, 852-53 (11th Cir. 2006) ("Section 2255 is the primary method to collaterally attack a federal sentence[.]"). The "savings clause" of § 2255(e), however, allows a federal prisoner to bring a habeas corpus petition under § 2241, if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Whether the savings clause applies to open a portal to review under § 2241 "is a threshold jurisdictional issue

that must be decided before delving into the merits of the petitioner's claim and the applicable defenses." *Bryant*, 738 F.3d at 1262.

The Eleventh Circuit in *Bryant* established a five-part test for allowing a petitioner claiming "pure § 924(e)-*Begay* error"[4] to proceed under the savings clause, if he shows the following: (1) circuit binding precedent throughout his sentencing, direct appeal, and first § 2255 proceeding had specifically addressed the petitioner's prior state conviction that triggered § 924(e) and had squarely foreclosed his claim that he was erroneously sentenced above the ten-year statutory maximum in § 924(a);[5] (2) after his first § 2255 proceeding, the Supreme Court's

---

[4] A pure-*Begay* claim is one where the petitioner claims "error[] in the application of the 'violent felony' enhancement, as defined in 18 U.S.C. § 924(e)(2)(B), resulting in a higher statutory minimum and maximum sentence under § 924(e)." *Moore v. Warden, FCC Coleman-Medium*, Civil Action No. 10-12424, slip op. at 5 n.1, *available at* http://www.ca11.uscourts.gov/opinions/indexunpub.php (11th Cir. June 11, 2014) (quoting *Gilbert v. United States*, 640 F.3d 1293, 1319 n.20 (11th Cir. 2011) (en banc)).

[5] Although in *Bryant* the Eleventh Circuit specifically referred to its own precedent as that which must have foreclosed the petitioner's claim, during Petitioner's sentencing, appeal, and § 2255 motion the relevant binding precedent would have been that of the Fourth Circuit. *See, e.g., Johnson v. Warden*, 551 F. App'x 489, 490 (11th Cir. 2013) (analyzing Second Circuit caselaw in its savings clause analysis as the "circuit law" that previously foreclosed the petitioner's claim, where the petitioner was convicted in the Second Circuit); *Marshall v. United States*, 514 F. App'x 936, 938 n.4 (11th Cir. 2013) ("Marshall was

7

decision in *Begay* overturned that previously binding circuit precedent that had foreclosed his § 924(e) claim; (3) the new rule announced in *Begay* applies retroactively on collateral review; (4) as a result of *Begay*'s new rule being retroactive, the petitioner's current sentence exceeds the ten-year statutory maximum in § 924(a); and (5) the savings clause in § 2255 reaches his pure § 924(e)-*Begay* error claim of illegal detention above § 924(a)'s statutory maximum penalty. *Bryant*, 738 F.3d at 1274. Because this is the precise claim Petitioner asserts in this action, he must satisfy *Bryant*'s test for this Court to have jurisdiction over the claim. *Id.* at 1270-74. The undersigned finds that Petitioner has, in fact, satisfied each of these five requirements.

B.  Application Of The Law To Petitioner's Case

First, as pointed out by Respondent, prior to the Fourth Circuit's 2011 en banc rehearing in *Vann*, the Fourth Circuit had categorized the crime of indecent liberties as a violent felony under the ACCA, even after *Begay*. *See, e.g.*, *United States v. Vann*, 620 F.3d 431, 442 (4th Cir. 2010), *reversed en banc*. *See*

---

originally convicted in a Missouri federal court, where he brought his direct appeal and his first § 2255 motion, so Eighth Circuit precedent is the circuit law that determines whether 'circuit law squarely foreclosed [Marshall's current] claim at the time it otherwise should have been raised.'") (quoting *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)).

8

*also United States v. McKenzie*, 96 F. App'x 164, 166 (4th Cir. 2004) (affirming conviction under the ACCA based on predicate offenses of indecent liberties). Thus, until that en banc decision that extended *Begay* to indecent liberties convictions under N.C. Gen. Stat. § 14-202.1, and throughout his sentence, appeal, and original § 2255 proceedings, Petitioner was foreclosed under Fourth Circuit law from claiming that his predicate convictions did not qualify as violent felonies under the ACCA.  Second, the Supreme Court's decision in *Begay*, as extended by the Fourth Circuit's decision in *Vann*, overturned prior Fourth Circuit precedent that had squarely foreclosed Petitioner's claims.

Third, the new rule announced in *Begay* applies retroactively on collateral review.  *Moore v. Warden, FCC Coleman-Medium*, Civil Action No. 10-12424, *slip op.* at 5, *available at* http://www.ca11.uscourts.gov/opinions/indexunpub.php (11th Cir. June 11, 2014); *Mackey v. Warden, FCC Coleman-Medium*, 739 F.3d 657, 662 (11th Cir. 2014); *Bryant*, 738 F.3d at 1276-77.  Fourth, because *Begay*'s new rule is retroactive, Petitioner's current 205-month sentence for his § 922(g) conviction exceeds the ten-year statutory maximum under § 924(a).  *See Mackey*, 739 F.3d at 662 ("[B]ecause *Begay*'s new rule is retroactive, Mackey's current 15-year sentence for his § 922(g) conviction exceeds the 10-year statutory maximum

9

penalty authorized by Congress in § 924(a)."); *Bryant*, 738 F.3d at 1277-79 (holding that because Bryant's three predicate felonies were no longer considered "violent felonies" following *Begay*, his "235-month sentence thus exceeds his statutory maximum penalty of 10 years for his 922(g)(1) offense."). Fifth and finally, Petitioner therefore has proven a "pure *Begay* error," *see Bryant*, 738 F.3d at 1279, and the savings clause reaches his claim. *See Mackey*, 739 F.3d at 662; *Bryant*, 738 F.3d at 1280-84.

Because Petitioner has satisfied all five of *Bryant*'s requirements, he has proven that: "his sentence erroneously exceeds the statutory maximum penalty;" Section 2255 is "inadequate or ineffective to test the legality of his detention;" he can therefore proceed under §2241; and "he should prevail on his § 2241 claim." *Moore*, No. Civil Action No. 10-12424, *slip op.* at 5; *Mackey*, 739 F.3d at 662; *Bryant*, 738 F.3d at 1287-88.

Accordingly, Petitioner's remedy is for this Court to reduce his sentence to the statutory ten-year maximum sentence. *See Mackey*, 739 F.3d at 662; *Bryant*, 738 F.3d at 1288. Additionally, because the maximum term of imprisonment for Petitioner's § 924(a) offense is ten years, his maximum term of supervised release

10

also should be reduced to the three-year maximum term. *Mackey*, 739 F.3d at 662; *see also* 18 U.S.C. §§ 3559(a)(3); 3583(b)(2).

III.   Conclusion

In light of the foregoing analysis, **IT IS HEREBY RECOMMENDED** that the instant petition under 28 U.S.C. § 2241 be **GRANTED**.  **IT IS FURTHER RECOMMENDED** that Petitioner's 205-month sentence for his 18 U.S.C. § 922(g) conviction be reduced to the ten-year statutory maximum penalty in 18 U.S.C. § 924(a), and his five-year term of supervised release be reduced to the three-year statutory maximum penalty in 18 U.S.C. §§ 3559 and 3583.[6]

**IT IS ORDERED** that Respondent's motion for an extension of time to file its response [Doc. 15] is **GRANTED** *nunc pro tunc*.  The pleadings filed on May 19, 2014 [Doc. 17] are accepted as filed.

---

[6] Since Petitioner appears to already have served ten years, presumably the Warden of the Williamsburg Federal Correctional Institution will release him immediately after entry of a final order by this Court.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED AND ORDERED** this 12th day of June, 2014.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE